# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KEDRON L. JOHNSON                                                                        PETITIONER

v.                                   NO. 5:09CV00113 SWW/HDY

LARRY NORRIS, Director of the                                                       RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

<u>DISPOSITION</u>

<u>INTRODUCTION</u>.  Petitioner Kedron L. Johnson ("Johnson") has filed a motion for leave to tender his habeas corpus petition in connection with this proceeding, one he commenced pursuant to 28 U.S.C. 2254.  <u>See</u> Document 4.  In the motion, he appears to ask that a certificate of appealability be issued so that he may obtain the approval of the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit") for seeking additional review of his February of 2001 rape conviction.  Having reviewed the record in this proceeding, as well as the record from an earlier habeas corpus proceeding that he commenced pursuant to 28 U.S.C. 2254, the undersigned recommends that the motion be denied, that the petition at bar be denied, that this proceeding be dismissed <u>sua sponte</u>, and that judgment be entered for respondent Larry Norris ("Norris").

<u>STATE COURT PROCEEDINGS</u>.  The record reflects that in February of 2001, a Pulaski County, Arkansas, Circuit Court jury convicted Johnson of rape.  He appealed his conviction to the Arkansas Court of Appeals and challenged the sufficiency of the evidence and the trial judge's ruling limiting defense counsel's cross-examination of the victim.  The state Court of Appeals found no reversible error and affirmed Johnson's conviction.  <u>See</u> <u>Johnson v. State</u>, 80 Ark. App. 79, 94 S.W.3d 344 (2002).[1]

---

[1] Johnson later filed a request with the Arkansas Supreme Court seeking permission to file a trial court petition for a writ of <u>error</u> <u>coram</u> <u>nobis</u>.  In the request, he apparently raised claims involving a third-party confession, the withholding of exculpatory evidence, sentencing irregularities, and ineffective assistance of counsel.  The state Supreme Court denied his request.  <u>See</u> <u>Johnson v. State</u>, 2008 WL 5274851 (Ark.S.Ct. December 19, 2008), reconsideration denied, 2009 WL 416474 (Ark.S.Ct. February 19, 2009).

5:03CV00379 SWW.  In October of 2003, Johnson commenced his first federal court challenge to his February of 2001 rape conviction by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254.  See Johnson v. Norris, 5:03CV00379 SWW.  His only claim in 5:03CV00379 was a challenge to the sufficiency of the evidence.

Norris filed a response to Johnson's petition.  In the response, Norris maintained that Johnson's petition should be dismissed because the state Court of Appeals addressed the claim in 5:03CV00379 and the decision of the state Court of Appeals on the claim was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.  Norris additionally maintained that Johnson's petition should be dismissed because the decision of the state Court of Appeals on the claim in 5:03CV00379 was not based on an unreasonable determination of the facts in light of the evidence presented at the trial.

The undersigned carefully reviewed the parties' submissions and determined that Johnson could not overcome the substantial barrier posed by 28 U.S.C. 2254(d).  Specifically, the undersigned found that the decision of the state Court of Appeals on the claim in 5:03CV00379 was not contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; in addition, the decision of the state Court of Appeals on the claim in 5:03CV00379 was not based on an unreasonable determination of the facts in light of the evidence presented.  The undersigned therefore recommended that Johnson's petition be denied and 5:03CV00379 be dismissed.

United States District Judge Susan Webber Wright adopted the undersigned's findings and recommendation over Johnson's objections and dismissed 5:03CV00379. Johnson sought a certificate of appealability, but Judge Wright denied Johnson's request. He then appealed the denial of his certificate of appealability. The Eighth Circuit found no reversible error and affirmed the denial of the certificate of appealability. He petitioned the United States Supreme Court for a writ of certiorari, but his requested was denied.

5:09CV00113 SWW. In April of 2009, Johnson commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In his petition, he again challenged his February of 2001 rape conviction and advanced claims involving a third-party confession, the withholding of exculpatory evidence, sentencing irregularities, and ineffective assistance of counsel. The record in the proceeding reflected, however, that he neither paid the filing fee nor filed a court-approved application to proceed in forma pauperis. He was ordered to either pay the filing fee or file an application to proceed in forma pauperis, and he was ordered to do so within thirty days of April 20, 2009.

Johnson has now filed the pending motion for leave to "tender [his] habeas corpus petition." See Document 4. Liberally construing his pro se submission, he appears to ask that a certificate of appealability be issued so that he may obtain the approval of the Eighth Circuit for seeking additional review of his February of 2001 rape conviction. Specifically, he represents the following in his motion:

> Comes now your Petitioner ... requesting leave to tender his federal habeas corpus petition to the end that he may be able to obtain a certificate of appealability from the Eight Circuit Court of Appeals before this court can even consider[] reviewing his habeas (successive) corpus petition. Reasons:
>
> 1. This is Petitioner's second or successive petition and a [certificate of appealability] is needed before merits can be adjudicated;
>
> 2. 28 U.S.C. 2244 dictates that a [certificate of appealability] must be obtained.

See Document 4 at 1.

ANALYSIS. The filing of a second or successive petition pursuant to 28 U.S.C. 2254 is governed 28 U.S.C. 2244(b)(3)(A). It provides the following: "Before a second or successive [petition] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]."

Johnson admits that the petition at bar is his second challenge to his February of 2001 rape conviction by means of a petition pursuant to 28 U.S.C. 2254. He was therefore required to have obtained the approval of the Eighth Circuit before filing the petition. He appears to admit that he did not obtain the approval of the Eighth Circuit before filing his petition; he has certainly not submitted an order evidencing that approval. He does, however, apparently see the necessity of obtaining the approval of the Eighth Circuit as he now seeks the issuance of a certificate of appealability.

28 U.S.C. 2253(c) governs the issuance of a certificate of appealability.[2] The undersigned can find no support for the proposition that a certificate of appealability is issued <u>before</u> the final disposition of a petition pursuant to 28 U.S.C. 2254. Instead, it appears to be well-settled that a certificate of appealability is issued <u>after</u> the final disposition of the petition.

The undersigned finds that the request contained in Johnson's motion to tender his habeas corpus petition is misplaced. A request for a certificate of appealability is not his first step in obtaining additional review of his February of 2001 rape conviction. Instead, because the petition at bar is a second or successive petition, Johnson's first step is to seek the approval of the Eighth Circuit. For this reason, his motion should be denied.[3]

---

[2]

28 U.S.C. 2253(c) provides, in part, the following:

(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the courts of appeals from--

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) ...

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

[3]

Although it is not likely, it is not impossible that Johnson actually seeks the issuance of a certificate of appealability in connection with 5:03CV00379. No such certificate could now issue in that proceeding, though. He previously requested a certificate of appealability in 5:03CV00379. Judge Wright denied the request in February of 2004, and the Eighth Circuit affirmed the denial of the request in June of 2004.

What, then, of Johnson's petition and this proceeding? It appears clear that he filed the petition without the prior approval of the Eighth Circuit. The undersigned knows of nothing that would excuse his failure to do so. Consequently, his petition should be denied and this proceeding dismissed so that he can seek the approval of the Eighth Circuit to file a second or successive petition.

RECOMMENDATION. On the basis of the foregoing, the undersigned recommends that Johnson's motion for leave to tender his habeas corpus petition be denied, that his petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 be denied, that this proceeding be dismissed sua sponte, and that judgment be entered for Norris.[4] It is clear that the petition at bar is Johnson's second challenge to his February of 2001 rape conviction by means of a petition pursuant to 28 U.S.C. 2254 and that he did not obtain the approval of the Eighth Circuit before filing his petition.

DATED this   4   day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Although sua sponte dismissals are not favored, see Haley v. Dormire, 845 F.2d 1488 (8th Cir. 1988), one is warranted in this instance.